UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REENA SAIZ,<br><br>                    Plaintiff,<br><br>  v.<br><br>RINCON BAND OF LUISENO MISSION INDIANS OF THE RINCON RESERVATION, *et al.*,<br><br>                    Defendants. | Case No. 24-cv-00905-BAS-MSB<br><br>**ORDER GRANTING MOTION TO STAY (ECF No. 7)** |

      Presently before the Court is Plaintiff Reena Saiz's Motion to Stay Proceedings Pending Exhaustion of Tribal Remedies ("Motion"). (ECF No. 7.) Ms. Saiz filed this action on May 23, 2024, asserting claims of negligence and premises liability arising from an alleged slip-and-fall incident at Harrah's Resort Southern California on June 18, 2022. (Compl. ¶¶ 1, 20; ECF No. 1.) Prior to initiating this action, she filed a similar lawsuit in the Rincon Tribal Court on May 15, 2024. (Mot. at 3:24–25.) Ms. Saiz now moves to stay the proceedings in this instant action pending exhaustion of tribal remedies. (*Id.* at 2:7–12.) For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion and **STAYS** this action pending exhaustion of tribal remedies.

## I. BACKGROUND

On June 18, 2022, Ms. Saiz purportedly sustained a wrist fracture after slipping and falling in a puddle of water in the lobby of Harrah's Resort Southern California ("Harrah's Resort"). (Compl. ¶¶ 5–7.) The Rincon Band of Luiseno Mission Indians of the Rincon Reservation ("Rincon Band"), a federally recognized tribe, owns and controls Harrah's Resort. (*Id.* ¶¶ 2, 13.) Caesar's Entertainment, Inc operates Harrah's Resort, which is located on the Rincon Reservation. (Mot. at 3:12–16.)

Following the incident, Ms. Saiz filed a tort claim with the Rincon Band, which was denied. (*Id.* at 3:19–20.) Subsequently, on May 15, 2024, she initiated a lawsuit in the Rincon Tribal Court against Rincon Band, Harrah's Resort, and Caesar's Entertainment, Inc. ("Defendants"). (*Id.* at 3:24–25.) One week later, on May 23, 2024, Ms. Saiz commenced this instant action against the same Defendants to preserve the statute of limitations in the event that the Rincon Tribal Court declined jurisdiction. (Ramirez Decl. ¶ 4; ECF No. 7-1.)

On October 8, 2024, Ms. Saiz filed the present Motion, seeking a stay of the proceedings under the tribal exhaustion doctrine. (Mot. at 5:6–17.) She asserts that the doctrine requires her to exhaust her remedies in the Rincon Tribal Court before proceeding in federal court. (*Id.* at 4:9–16.) Ms. Saiz's argument relies on the Rincon Tribal Council's adoption of Resolution 2021-09, which established the Rincon Civil Trial Court to adjudicate claims arising from business or commercial activities on the Rincon Reservation, including patron torts. (*Id.* at 3:9–16.)

Ms. Saiz's Motion requests that the Court stay all proceedings in this instant action, including service of process, until the Rincon Tribal Court resolves its jurisdiction or adjudicates the dispute. (*Id.* at 7:2–6.) Alternatively, she proposes that service of process be completed but that all other proceedings, including discovery and filing deadlines, be stayed. (*Id.* at 7:7–10.)

## II. LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

In determining whether a stay is appropriate, a federal court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

Subject to these standards, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F. 2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64.

## III. ANALYSIS

The Court finds that granting a stay is appropriate under the circumstances. First, staying this action avoids simultaneous proceedings in federal and tribal courts, thereby promoting judicial economy. Ms. Saiz's counsel has attested that he filed this instant lawsuit with the intention to preserve the statute of limitations should the Tribal Court decline jurisdiction. (Ramirez Decl. ¶ 4.) Accordingly, a stay will not prejudice Ms. Saiz's ability to pursue her claims if the Tribal Court ultimately lacks jurisdiction.

Second, Ms. Saiz asserts that proceeding in federal court before exhausting tribal remedies would be inequitable. (Mot. at 6:18–22.) Notably, Defendants have not yet been served. (Ramirez Decl. ¶ 5.) While a stay may result in some delay, the Court finds that this hardship is outweighed by the benefits of potentially resolving the case entirely within the Tribal Court and avoiding duplicative litigation. Finally, a stay promotes the orderly course of justice by allowing the Tribal Court to address its jurisdiction first. This approach respects tribal sovereignty by allowing the Tribal Court to exercise its authority over disputes arising on its reservation.

In sum, balancing the relevant *Landis* factors, the Court finds that a stay is warranted. A stay promotes judicial economy, minimizes potential hardship to the parties, and facilitates the orderly resolution of jurisdictional issues.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Stay Proceedings Pending Exhaustion of Tribal Remedies (ECF No. 7). This action is **STAYED** pending resolution of the related case in the Rincon Tribal Court. The Plaintiff is directed to submit a status report within 60 days of a final decision by the Rincon Tribal Court, or within one year of the date of this order, whichever occurs first.

**IT IS SO ORDERED.**

DATED: January 10, 2025

Hon. Cynthia Bashant
United States District Judge