**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REENA SAIZ,<br>Plaintiff,<br>v.<br>RINCON BAND OF LUISENO MISSION INDIANS OF THE RINCON RESERVATION, *et al.*,<br>Defendants. | Case No. 24-cv-0905-BAS-MSB<br><br>**ORDER GRANTING DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS OF THE RINCON RESERVATION'S MOTION TO DISMISS (ECF No. 18)** |

Pending before the Court is Defendant Rincon Band of Luiseno Mission Indians of the Rincon Reservation's ("Rincon Band") motion to dismiss ("Motion"). (ECF No. 18.) For the reasons below, the Court **GRANTS** Rincon Band's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint in its entirety. The Clerk of the Court is **DIRECTED** to close the case.

## I. BACKGROUND

Plaintiff filed the present lawsuit against several Defendants, including Rincon Band, Defendant Caesar's Entertainment, Inc. ("Caesar's"), and Defendant Harrah's Resort Southern California ("Rincon Casino"), based on an injury Plaintiff sustained while a patron of a gaming facility and resort owned by Rincon Band and operated by Caesar's—

Rincon Casino. (ECF No. 1 ¶¶ 1, 14.) Rincon Band moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(7). (ECF No. 18.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a party may move to dismiss based on the court's lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant may challenge the court's subject-matter jurisdiction in several ways, one of which is raised by Rincon Band's motion to dismiss: sovereign immunity. *See Al Otro Lado, Inc. v. Nielsen*, 327 F. Supp. 3d 1284, 1293–94 (S.D. Cal. 2018).

A Rule 12(b)(1) motion is "a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). When the United States is sued or a suit implicates its sovereign immunity, a waiver of sovereign immunity is deemed a prerequisite for jurisdiction. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

When sovereign immunity is invoked as the basis for the absence of subject-matter jurisdiction, "[a]s the party asserting a claim against the United States, [the plaintiff] has the burden of 'demonstrating an unequivocal waiver of immunity.' " *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)).

### B. Rule 12(b)(7)

A party may move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). A three-step analysis is used to determine if a party is required to be joined under Rule 19. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

First, a court must determine whether a nonparty is necessary under Rule 19(a). *Id.* This is a two-pronged inquiry. *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014) (citing *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991)). The court must initially determine "whether complete relief can be afforded if the action is limited to the existing parties." *Id.* (citations omitted). The court must next determine "whether the absent party has a legally protected interest in the subject of the action and, if so, whether the party's absence will impair or impede the party's ability to protect that interest or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest." *Id.* (citation and internal quotation marks omitted). "If the answer to either of those questions is affirmative, then the party is necessary and 'must be joined.' " *Id.* (citing Fed. R. Civ. P. 19(a)(1)). The Rule 19(a) inquiry "is a practical one and fact specific." *Id.* (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).

Second, a court must determine if it is feasible for the absentee party to be joined such that subject-matter and personal jurisdiction exist and venue is proper. *Peabody*, 400 F.3d at 779 (citing Fed. R. Civ. P. 19(a)).

Finally, if it is not feasible to join the absent party, a court must decide "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.*; Fed. R. Civ. P. 19(b). An indispensable party is one which "not only [has] an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Peabody*, 400 F.3d at 780 (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139 (1854)); *see also* Fed. R. Civ. P. 19(b).

The factors to be considered by a court in its Rule 19(b) analysis include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether

a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

## III. ANALYSIS

### A. Rule 12(b)(1)—Sovereign Immunity of Rincon Band

Federally recognized Indian tribes enjoy sovereign immunity from suit. *Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1100 (9th Cir. 1994). As the Supreme Court has stated, "Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories. Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991) (although the tribe consents to the court's jurisdiction as to claims brought by it, that consent does not waive sovereign immunity for counterclaims brought against it) (citations omitted); *see also Pan Am. Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 418 (9th Cir. 1989) ("Absent congressional or tribal consent to suit, state and federal courts have no jurisdiction over Indian tribes; only consent gives the courts the jurisdictional authority to adjudicate claims raised by or against tribal defendants."). "Sovereign immunity involves a right which courts have no choice, in the absence of a waiver, but to recognize." *California v. Quechan Tribe of Indians*, 595 F.2d 1153, 1155 (9th Cir. 1979).

Here, Plaintiff's complaint states that Rincon Band is a "federally-recognized tribe" and does not indicate that Rincon Band has waived sovereign immunity. (ECF No. 1 ¶ 13.) Rincon Band's Motion argues that while Rincon Band's Patron Tort Claims Ordinance permits Rincon Band to be sued in the Rincon Civil Trial Court, the same Ordinance explicitly declines to waive its sovereign immunity in state or federal court. (ECF No. 18-1 at 11:3–15.) *See Caremark, LLC v. Choctaw Nation*, 104 F.4th 81, 88 (9th Cir. 2024) ("It is well settled that a waiver of [tribal] sovereign immunity cannot be implied but must be unequivocally expressed.") (internal quotation marks omitted). Plaintiff's opposition to

Rincon Band's Motion further concedes that Rincon Band is a federally recognized tribe—and does not explicitly dispute that Rincon Band should be entitled to tribal immunity. (*See* ECF No. 19 ¶ 6.) Thus, the Court concludes Rincon Band is entitled to tribal sovereign immunity.

**B. Rule 12(b)(7)—Rincon Band as Necessary and Indispensable Party**

Rincon Band also moves to dismiss the entire action under Rule 12(b)(7), arguing that it is a necessary party that cannot feasibly be joined because of its sovereign immunity. (*See* ECF No. 18-1.)

**1. Rule 19(a)—Rincon Band is a Necessary Party**

Rincon Band argues that it is a necessary party to the lawsuit under Rule 19(a) because: (1) the court "cannot accord complete relief among existing parties" without it; and (2) Rincon Band "claims an interest relating to the subject matter of the action and is so situated that disposing of the action in its absence may . . . impair or impede its ability to protect the interest." (*See* ECF No. 18-1 at 12:17–13:7.) In support of both arguments, Rincon Band argues that Plaintiff has also named Rincon Casino as a Defendant in this matter—but that Rincon Casino is not a separate legal entity and is wholly owned by Rincon Band. (*Id.*)

The Court agrees with Rincon Band. Though Plaintiff argues that Rincon Band is not a necessary party under Rule 19(a) because Rincon Band is named as a joint tortfeasor, the Court finds that this rationale does not apply where Rincon Band is an alleged owner of the Rincon Casino and the land on which Rincon Casino operates. (ECF No. 1 ¶ 14; ECF No. 19 ¶ 5.) Plaintiff also argues that even if the present action were dismissed against Rincon Band, it can still be maintained against Caesar's—another joint tortfeasor—as a matter of law. (ECF No. 19 ¶¶ 3, 17.) Despite this general principle, the Ninth Circuit has found "there may be circumstances in which an alleged joint tortfeasor has particular interests that cannot be protected in a legal action unless it is joined under Rule 19(a)(1)(B)." *Ward v. Apple Inc.*, 791 F.3d 1041, 1048 (9th Cir. 2015).

Rule 19(a)(1)(B) requires "practical" and "fact specific" analysis of each alleged joint tortfeasor's interests. *Makah Indian Tribe*, 910 F.2d at 558. Rule 19(a)(1)(B)(i) states a party is required when disposing of the action in the party's absence may "as a practical matter impair or impede the person's ability to protect the interest."

The Court finds, under Rule 19(a)(1)(B)(i), disposing of the action in Rincon Band's absence would "as a practical matter impair or impede [Rincon Band]'s ability to protect [its financial] interest" in Rincon Casino. The case Plaintiff cites is distinguishable. In *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7–8 (1990), the plaintiff sued a medical device manufacturer for product liability and was ordered to join a surgeon who was simultaneously being sued for malpractice in a separate proceeding. The Supreme Court held the surgeon was merely a permissive party because he was a joint tortfeasor. But the surgeon there was not employed by the manufacturer or working at a hospital the manufacturer owned. Meanwhile, here, Rincon Casino and the land, buildings, and facilities on which Rincon Casino operates are directly owned by Rincon Band (ECF No. 1 ¶ 14; ECF No. 19 ¶ 5). *See Randol v. Harrah's Rincon Resort & Casino*, No. 08-CV-0642-W-BLM, 2008 WL 11337253, at *4 (S.D. Cal. May 19, 2008) (finding "the Tribe is a necessary party given that it enjoys sole ownership and ultimate authority over the Casino, the locus of the alleged injury," and holding the "suit cannot be maintained" because plaintiff named the casino as defendant, which "is a non-legal entity and . . . the Tribe would be responsible for any recovery due Plaintiff"); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV 14-3053-MWF (AFMx), 2018 WL 11241771, at *12 (C.D. Cal. Apr. 11, 2018) ("A crucial premise of mandatory joinder under Rule 19(a)(1)(B) is that the absent party have an interest in the litigation that is 'legally protected' and not just a financial stake in the outcome of the litigation or speculation about a future event.").

Similarly, "complete relief" cannot be awarded if the action proceeds against only Caesar's and Rincon Casino. As Rincon Band argues, Rincon Casino is a financial asset owned by Rincon Band (ECF No. 18-1 at 13:2–7), so any judgment would necessarily

affect Rincon Band's stake in it. Fed. R. Civ. P. 19(a)(1)(A). Put differently, though Caesar's also has an economic stake in Rincon Casino as its alleged operator, the Parties agree that Rincon Band has sole ownership of Rincon Casino—which the Court finds cannot be represented by any other entity (including Caesar's) absent explicit assignment. *See, e.g., Randol*, 2008 WL 11337253, at *1–4 (finding defendant tribe is a necessary party under Rule 19(a) where "[b]oth parties agree that Defendant [Casino] is a non-legal entity . . . [and] Rincon San Luiseno Band of Mission Indians . . . owns the Defendant Casino . . . the locus of the alleged injury"); *Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1458 (9th Cir. 1994) (finding, under Rule 19(a), "complete relief in this case is not possible without resolving issues regarding the Quinaults' governing authority over and legal interest in the escheated property.").

**2. Rule 19(b)—Rincon Band's Joinder is Not Feasible and Case Cannot Proceed Fairly Without Rincon Band**

The balancing of equitable factors under Rule 19(b) almost always favors dismissal when a tribe cannot be joined due to tribal sovereign immunity. *See Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996); *Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 857 (9th Cir. 2019) ("[T]here is a 'wall of circuit authority' in favor of dismissing actions in which a necessary party cannot be joined due to tribal sovereign immunity—'virtually all the cases to consider the question appear to dismiss under Rule 19, regardless of whether [an alternate] remedy is available, if the absent parties are Indian tribes invested with sovereign immunity.' " (alteration in original) (quoting *White*, 765 F.3d at 1028)).

Under Rule 19(b), courts consider the following "non-exclusive" factors even where defendants are protected by tribal immunity: (1) "the extent to which a judgment rendered in the person's absence might be prejudicial to the person or those already parties"; (2) "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided"; (3) "whether a judgment rendered in the person's absence will be adequate"; and (4) "whether the plaintiff will have an adequate

remedy if the action is dismissed for nonjoinder." *See Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1024 (9th Cir. 2002).

Having found that Rincon Band is protected by tribal sovereign immunity, *supra* § III.A, the Court finds that the Rule 19(b) four-factor analysis also favors dismissal. First, a judgment rendered in Rincon Band's absence could be prejudicial to Rincon Band because of Rincon Band's ownership interest in Rincon Casino, *supra* § III.B.1. *Diné Citizens*, 932 F.3d at 857 ("The first factor, prejudice, largely duplicates the consideration that made a party required under Rule 19(a)." (cleaned up)). Regarding the second and third factors, the Court's ability to shape relief to avoid prejudice also weighs in favor of dismissal because no relief can mitigate the prejudice to Rincon Band in its ownership stake in Rincon Casino and no partial relief is adequate for the same reason. *Cf. Dawavendewa v. Salt River Project Agric. Imp. & Power Dist.*, 276 F.3d 1150, 1163 (9th Cir. 2002) (finding that any decision mollifying plaintiff would prejudice defendant tribe's contractual interests and tribal governance, and that partial relief therefore would not adequately resolve defendant tribe's potential liability to other potential plaintiffs). Fourth, as Rincon Band argues, Plaintiff may still bring a lawsuit against Rincon Band in the Rincon Civil Trial Court (ECF No. 18-1 at 15:24–16:9)—and thus, alternative remedies are available. *Cf. Dawavendewa*, 276 F.3d at 1163 (finding the fourth factor weighs in favor of dismissal because "tribal sovereign immunity does not apply in suits brought by the EEOC."). Thus, in the interest of equity, Rule 19(b) favors dismissal of the entire action. *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 998 (9th Cir. 2020) (affirming Rule 19(b) dismissal where an absent tribe protected by sovereign immunity could not be joined).

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Rincon Band's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's complaint for lack of subject-matter jurisdiction based on tribal sovereign immunity under Rule 12(b)(1) and infeasibility of joining a necessary party under Rule 12(b)(7). *See Munoz v. Barona Band of Mission Indians*, No. 17-CV-2092-

BAS-AGS, 2018 WL 1245257, at *5 (S.D. Cal. Mar. 8, 2018) (dismissing case with prejudice based on tribal sovereign immunity). Because Rincon Band's immunity cannot be cured by amendment, dismissal with prejudice is appropriate. The Clerk of the Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**DATED: August 28, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**